# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **MARY WANJIKU THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23CV00020 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **VIRGINIA DEPARTMENT OF TRANSPORTATION (BRISTOL DISTRICT),** | ) ) ) ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Mary Wanjiku Thomas, Pro Se Plaintiff; Faith A. Alejandro and Katie DeCoster, SANDS ANDERSON PC, Richmond and Christiansburg, Virginia, for Defendant.*

In this employment case, Mary Wanjiku Thomas, proceeding pro se, sues her former employer, the Virginia Department of Transportation (VDOT), claiming that she was discriminated against based on her race, color, national origin, and disability. She asserts claims for violations of Title I of the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, and the Virginia Human Rights Act. VDOT has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). I will grant the Motion to Dismiss.

I.

The plaintiff filed a Charge of Discrimination (Original Charge) with the Equal Employment Opportunity Commission (EEOC) against VDOT on April 9, 2021, for discrimination and retaliation. The EEOC issued a Determination and Notice of Rights on July 11, 2022, dismissing the Original Charge and giving the plaintiff the right to sue. That same day, the plaintiff filed an Amended Charge of Discrimination (Second Charge) with the EEOC and Fair Employment Practices Agencies (FEPA), raising additional claims of disability discrimination. On October 6, 2022, plaintiff filed a pro se Complaint with this court alleging that VDOT discriminated and retaliated against her based on race, national origin, and disability. The plaintiff filed an Amended Complaint on January 20, 2023. When the plaintiff filed the initial Complaint and the Amended Complaint, she had not received a right-to-sue letter based on the Second Charge, but she had included the claims from both Charges in both complaints. Because 180 days had elapsed since the EEOC assumed jurisdiction over the Second Charge and the Civil Rights Division of the Department of Justice (DOJ) had not filed suit against the VDOT, the DOJ issued a Notice on April 6, 2023, informing the plaintiff of her right to sue based on allegations of disability discrimination in the Second Charge.

VDOT moved to dismiss the Amended Complaint, and both parties filed briefs in support of their positions. I dismissed the plaintiff's federal claims with

prejudice, and the state claims without prejudice. *Thomas v. Va. Dep't of Transp. (Bristol Dist.)*, No. 1:22CV00036, 2023 WL 4355055 (W.D. Va. July 5, 2023). The plaintiff has now filed a third Complaint raising the same or similar claims stemming from the same events relying on the April 6, 2023, DOJ Notice regarding the right to sue. VDOT moves to dismiss, arguing the action is barred by the doctrine of res judicata, the statute of limitations, sovereign immunity, and for failure to state a claim upon which relief can be granted.

## II.

A court must liberally construe a pro se complaint to permit a potentially meritorious case to proceed. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, liberal construction does not allow a court to ignore a complaint that does not plead a cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff's claims here are not cognizable because they are barred by res judicata. The doctrine bars subsequent litigation if an earlier decision (1) was a final judgment on the merits, (2) involved the same parties, and (3) involved the same cause of action. *Martin v. Am. Bancorp. Ret. Plan*, 407 F.3d 643, 650 (4th Cir. 2005). The parties may not relitigate issues that could have been raised in the prior action. *Heckert v. Dotson (In re Heckert)*, 272 F.3d 253, 258 (4th Cir. 2001).

Here, all three elements of res judicata have been met. There was a final judgment on the merits in the prior suit, the causes of action in the prior suit and this lawsuit are the same, and the identities of the parties are the same. The plaintiff has already fully litigated these claims, including those allegations included in the Second Charge and Amended Complaint. She received a final judgment on the merits, which included dismissing the prior federal claims with prejudice. Res judicata bars claims that were previously available to the plaintiff even if those claims were not asserted during the prior litigation. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). The claims made here were, or could have been, made in the plaintiff's earlier suit. Therefore, the claims are barred by the principles of res judicata. It is thus not necessary that I consider the other arguments raised by the defendant.

### III.

For the reasons stated, it is **ORDERED** that the Motion to Dismiss, ECF No. 5, is GRANTED and a separate judgment will be entered in favor of the defendant.

ENTER: October 20, 2023

/s/ JAMES P. JONES
Senior United States District Judge